IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL C. BLOOMQUIST,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>VICTIM ADVOCATE OF UTAH, STATE OF UTAH,<br><br>　　　　　　　Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:15-cv-849-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

　　　　District Judge Dee Benson has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court is Defendant State of Utah and Utah Office for Victims of Crime's ("Defendants") Motion to Dismiss.[2] Having reviewed Plaintiff's Complaint as well as the arguments set forth in the Motion to Dismiss, the undersigned **RECOMMENDS** that the District Court grant the Motion to Dismiss.

## BACKGROUND

　　　　Originally, Plaintiff who is proceeding *pro se*, filed this case in the Third District Court for the State of Utah. On December 2, 2015, Defendants removed this case to federal court.[3] In essence, Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. While it is somewhat difficult to decipher, the alleged constitutional violations are apparently a result of an assault by an unnamed person that occurred on May 12, 2010.[4] Plaintiff further alleges that Defendants conspired to have him prosecuted for a crime which he did not commit,

---

[1] Docket no.

[2] Docket no. 17.

[3] Docket no. 2.

[4] Compl. at ¶ 2.

resulting in his arrest, deprivation of liberty, incurrence of costs of his defense, emotional and physical pain and suffering and damage to his reputation in the community of Salt Lake County, Utah.[5]  He alleges that Defendants did these things maliciously and intentionally by: (1) Defendants' knowledge that there was no probable cause to arrest him; (2) Defendants' failure to interview witnesses; (3) Defendants' failure to consider facts which were favorable to him; (4) Defendants' intent "from the beginning of their investigation to delegate, govern, relay, and differentiate case relations with the Salt Lake County Sheriff Department and other acting agencies regarding relations of the Plaintiff.; (5) Defendants' failure to train Sheriff's Department officers and victim's advocates in techniques and procedures.; (6) Defendants' "preparation of groundless charges against plaintiff based upon incomplete, unsupported evidence which the defendants knew or should have known [were] false, distorted or fabricated."[6]

On December 8, 2015, Plaintiff filed two certificates of service which indicated among other things that Plaintiff has served "State of Utah's FILING ON STATE TO FEDERAL COURT case  # 2:15-cv-849-PMW Bloomquist vs. Victims Advocate of Utah, along with Alternative Dispute Resolution Program Document and United States District Court Consent and Reassignment Document" on "April Ryce" and "Casey Yeates."[7]

## **ANALYSIS**

Defendants argue Plaintiff's claims must be dismissed because Plaintiff has failed to comply with the Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim

---

[5] *Id*. at ¶¶ 5-6.

[6] *Id*. ¶ 7.

[7] Docket nos. 11 & 12.

upon which relief can be granted and 42 U.S.C. § 1983. In addition, Defendants argue Plaintiff's claims are barred by the applicable statute of limitations.

The Court notes at the outset that Plaintiff is proceeding *pro se* in this case. Accordingly, the Court will construe his pleadings and other submissions liberally.[8] At the same time however, it is not "…the proper function of the district court to assume the role of advocate for the pro se litigant."[9] Keeping these principles in mind, the Court has examined Plaintiff's Complaint and the arguments presented in the Motion to Dismiss. Upon review, for the reasons set forth more fully below, the Court finds Defendants arguments to be persuasive and warrant a recommendation to the District Court that Defendants' Motion to Dismiss be granted.

    A.   FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6).

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[10] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[11] In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[12] However, the court "need not accept conclusory allegations without supporting factual averments."[13] Thus, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the party might present at trial, but assess whether the plaintiff's complaint alone is legally sufficient to state a

---

[8] See e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003)(citing Haines v. Kerner, 404 U.S. 519, 520-21, (1972).

[9] Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002).

[11] Twombly at 547.

[12] Id., at 555.

[13] Southern Disposal, Inc., v. Texas Waste, 161 F.3d 1259, 1262 (10th Cir. 1998).

claim for which relief may be granted."[14]  "Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable."[15]  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[16]

Here, because the Court is required to construe the Complaint liberally due to Plaintiffs' pro se status, Plaintiffs' failure to expressly list the elements of each claim is not fatal.  However, the Court must consider whether the claims asserted in the Complaint are recognized causes of action and whether Plaintiffs has alleged sufficient facts to support their claims.[17]  In the instant case, the Court agrees with the arguments set forth by the Defendants that Plaintiff has failed to demonstrate how the Defendants violated Section 1983 and it is not the Court's role to be an advocate for the *pro se* Plaintiff.  Further, Plaintiff incorrectly argues that his complaint somehow states a plausible claim because he provided documents that he characterizes as discovery to counsel for the Defendants.  As Defendants point out, Plaintiff must plead sufficient facts to state a claim for relief within his Complaint not in the documents he turns over.   Further, in reviewing the Complaint, there is no indication what exactly occurred on May 12, 2010 that rises to the level of a section 1983 claim.  Plaintiff's complaint merely includes labels, conclusions, and factual averments without any factual support.  Therefore, under Rule 12 (b)(6)

---

[14] Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

[15] Wilkerson v. Utah, Gateway, No. 2:13-cv-666-DN-BCW, 2013 WL 6185040 at *2 (D. Utah November 26, 2013)(unpublished).

[16] Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(italics in original).

[17] Hall, at 1110.

and for the reasons set forth in Defendants' Motion to Dismiss, the Court recommends that Plaintiff's Complaint be dismissed.

      B.  "PERSONS" UNDER 42 U.S.C. §1983.

Next, Defendants argue that Plaintiff's claims against Defendants State of Utah and the Utah Office of Victims of Crime are barred because they are not "persons" under section 1983. Section 1983 provides a remedy against "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."[18] Only "persons," as that term has been defined by the courts, are subject to suit under § 1983.[19] The Supreme Court and the Tenth Circuit have made clear that "neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes ... is a person within the meaning of § 1983."[20] Therefore, the § 1983 claim against the State of Utah and by extension the Utah Office of Victims of Crime is not valid because the State is not a liable party under § 1983.

In addition, any argument made by Plaintiff that Amy Ryce and Casey Yeates are "persons" for section 1983 purposes fails because they have not been properly served under the Rule 4 of the Fed. Rule of Civil Procedure or Utah Rules of Civil Procedure because the documents provided by Plaintiff do not indicate that Ms. Ryce or Mr. Yeates signed a document indicating receipt and the facts contained in Plaintiff's Complaint do not sufficiently set forth what specifically Ms. Ryce or Mr. Yeates did to violate Plaintiff's constitutional rights.

---

[18] 42 U.S.C. § 1983.

[19] Ambus v. Utah State Bd. Of Educ, 858 P.2d 1372, 1376 (Utah 1993)(citations omitted). .

[20] Harris v. Champion, 51 F.3d 901, 905-06 (10th Cir. 1995); Will v. Michigan Dept. of State Police, 491 U.S. at 71.

### C. FUTILITY OF AMENDMENT AND STATUTE OF LIMITATIONS

If an amended claim is barred under the relevant statute of limitations period, then amendment would be futile and must be denied. Accordingly, the Court not only has considered Defendants' arguments with regard to statute of limitation concerns as a reason to recommend the district court grant the motion to dismiss but also as to whether or not Plaintiff should be allowed to amend his complaint.

The law of the forum state determines the relevant statute of limitations period that is applicable to cases brought under 42 U.S.C. §1983 and § 1985.[21] In Utah, the "four year residual statute of limitations…governs suits brought under section 1983."[22] Here, Plaintiff's Complaint alleges that the date of the relevant events occurred on May 12, 2010.[23] Thus, Plaintiff's filing of his complaint in November of 2015 is beyond the four-year statute of limitation period. In his response memorandum Plaintiff does not contest or dispute this argument. Therefore, on statute of limitation grounds Defendants' motion to dismiss should be granted and any amendment to the complaint would be futile.

In sum, the Court finds Plaintiff's Complaint to be deficit in a number of respects and allowing amendment would be futile. Thus, for these reasons and the reasons set forth in Defendants' Motion to Dismiss, the Court **RECOMMENDS** that Defendants' Motions to Dismiss be granted.

### CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS:**

---

[21] See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995)(citing Board of Regents v. Tomanio, 42 U.S.C 478 (1980); see also Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993)("[T\he forum state's personal injury [statute of limitations] should be applied to all § 1983 claims.).

[22] Brock v. Herbert, 435 Fed. App'x 759, 762 (10th Cir. 2011)(quoting Fratus, 49 F.3d at 675).

[23] Compl. at ¶ 3.

1) Defendants State of Utah and Utah Office for Victims of Crime[24] be GRANTED.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[25] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 1 February 2016.

*Brooke C. Wells*

Brooke C. Wells
United States Magistrate Judge

---

[24] Docket no. 17.

[25] See 28 U.S.C. §636(b)(1).